# IN THE COURT OF APPEALS OF IOWA

No. 20-1499
Filed May 26, 2021

**IN THE INTEREST OF C.B.,**
**Minor Child,**

**C.B., Minor Child,**
       Appellant.
_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

C.B. appeals his adjudication for the delinquent act of aiding and abetting the possession of stolen property  **AFFIRMED.**

Jamie L. Schroeder of The Sayer Law Group, P.C., Waterloo, for appellant minor child.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After a hearing on a delinquency petition, C.B. was adjudicated to have committed the delinquent act of aiding and abetting the possession of stolen property, which would constitute theft in the second degree, a class "D" felony, if C.B. was an adult.[1]  *See* Iowa Code §§ 703.1.,[2] 714.1(4),[3] 714.2(2)[4] (2020).  On appeal, C.B. claims the State failed to present sufficient evidence that he aided and abetted in the possession of a stolen motor vehicle.  C.B. contends the State did not prove he was an active participant in the commission of the crime, encouraged the other juveniles' delinquent acts, or that he had knowledge of the principal's wrongdoing.  C.B. asks his adjudication to be set aside.

---

[1] A violation of state law that would constitute a public offense if committed by an adult is a delinquent act when committed by a minor child.  *See* Iowa Code § 232.2(12)(a), (b) (2020).

[2] Iowa Code section 703.1 provides:

> All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried and punished as principals. The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part the person had in it, and does not depend upon the degree of another person's guilt.

[3] Iowa Code section 714.1(4) provides that a person commits a theft when the person "[e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer. . . ."

[4] Iowa Code section 714.2(2) defines theft in the second degree as:

> The theft of property exceeding one thousand five hundred dollars but not exceeding ten thousand dollars in value or theft of a motor vehicle as defined in chapter 321 not exceeding ten thousand dollars in value . . . .  Theft in the second degree is a class "D" felony. . . .

**I. Facts.**

In early January 2020, Officer Matthew Root of the Denver, Iowa Police Department was on patrol late in the evening. While parked at a gas station, he observed a vehicle with Minnesota plates at the gas pumps. Because Officer Root previously heard reports of a stolen vehicle with Minnesota plates in the area, he ran the plates, which alerted him it was a stolen vehicle. As the vehicle drove away, Officer Root followed. Suddenly, three young men abandoned the vehicle and began to flee on foot. Officer Root believed the young men were trying to hide or "evade" law enforcement. Upon receiving a call about the stolen vehicle and the three young men who had not yet been apprehended, Deputies Timothy Gilroy and Sean Hartman of the Bremer County Sheriff's Department arrived in Denver around midnight. The deputies searched the town for the young men and finally spotted them walking on the street around 2:00 a.m.

At trial, Deputy Gilroy confirmed the vehicle had been stolen in Minnesota, where all three juveniles resided. The vehicle owner reported it stolen two weeks earlier but had not seen who committed the theft. One of the apprehended youth told the officers they had driven the vehicle as far south as Georgia until they returned north. There were many personal effects in the car, which the owner confirmed were not his. C.B. never spoke to the investigating officers and provided no information about his knowledge of or involvement in the theft. The deputies took C.B. and two other juveniles into custody.

**II. Standard of review.**

"We review the sufficiency of the evidence for juvenile adjudications de novo." *In re D.S.*, 856 N.W.2d 348, 351 (Iowa 2014). "While in reviewing such

proceedings we give weight to the factual findings of the juvenile court—especially regarding witness credibility—we are not bound by them." *Id.* Delinquency proceedings function as an alternative to criminal prosecution of a child, and the objective is to ensure an outcome in the child's best interests. *In re J.K.*, 873 N.W.2d 289, 293 (Iowa Ct. App. 2015). "The child shall be presumed to be innocent of the charges, and no finding that a child has engaged in delinquent conduct may be made unless the state has proved beyond a reasonable doubt that the child engaged in such behavior." Iowa Code § 232.47(10).

**III. Analysis.**

First, C.B. did not contest that the vehicle was stolen or that the vehicle was in the possession of he and the two other juveniles. On appeal, he instead claims he did not know the vehicle was stolen so he could not have been an active participant in the crime nor could he have encouraged the other juveniles' delinquent acts. C.B. correctly asserts that proximity to a crime alone is not enough to prove aiding and abetting. *See State v. Barnes*, 305 N.W.2d 827, 828 (Iowa 1972). C.B. did not speak with any law enforcement officers. Even so, "[a] defendant's participation as an aiding an[d] abetting accomplice may be proved by circumstantial evidence. Such evidence may be equal in value to, and sometimes more reliable than, direct evidence." *Id.* (citation omitted). "[F]actors in combination with circumstantial evidence such as 'presence, companionship, and conduct before *and after* the offense is committed' may be enough from which to infer a defendant's participation in the crime." *Wilker v. Wilker*, 630 N.W.2d 590, 597 (Iowa 2001) (citation omitted) (emphasis added).

In its ruling, the juvenile court noted there was no direct evidence but the circumstantial evidence pointed to a finding that C.B. knew the vehicle was stolen. The court explained:

> The issue is the child's knowledge. Knowledge can be imputed from circumstantial evidence. Knowledge must be determined by circumstantial evidence in a case such as the one before the Court where the child charged with this offense has made no statements whatsoever either inculpatory or exculpatory. [C.B.] was in a stolen vehicle far from home at 2:00 in the morning with two other individuals who were also from the same location where the vehicle had been taken. In the middle of the night in January these three individuals left this vehicle and were walking around Denver, Iowa, and in at least one officer's description were attempting to hide from law enforcement. This vehicle had been missing for approximately two weeks. The vehicle contained numerous personal items that did not belong to the owner consistent with the vehicle having been used for some time. The officers learned that the vehicle had been taken to Florida or Georgia. [C.B.] and the other occupants of the vehicle exited this vehicle in Denver, Iowa, on the early morning hours of January 2, 2020, and attempted to hide from officers. The Court believes that these circumstances are sufficient to establish [C.B.'s] knowledge that the vehicle he was in was a stolen vehicle.

We agree with the juvenile court's analysis. Here, the vehicle was missing for several weeks, and many personal effects of the juveniles were in the car. Further, C.B. and the other juveniles hid and attempted to avoid the police. These factors lend to an inference that C.B. was aware the vehicle was stolen. Thus, we agree with the juvenile court that the evidence demonstrates C.B. knew he, and the other juveniles, were in possession of a stolen vehicle. Accordingly, we affirm the juvenile court's adjudication.

**AFFIRMED.**